UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 21-111-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CRAIG DUPREE ROBERTSON, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Craig Robertson entered a guilty plea to Counts 1, 2, 4, 5, 6, 7, and 8 of a Superseding Indictment on November 1, 2022. [Record No. 328] He unsuccessfully attempted to withdraw his plea and was sentenced on May 8, 2023, to a total term of imprisonment of 490 months, to be followed by life supervision. [Record No. 482]

The Presentence Investigation Report ("PSR") prepared in advance of Robertson's sentencing hearing identified multiple prior convictions, resulting in eight criminal history points, plus two recency points under the 2021 edition of the United States Sentencing Guidelines Manual ("U.S.S.G."), §4A1.1(d). Based on a total of ten criminal history points, Robertson was placed in Criminal History Category V. However, because Robertson was Career Offender under U.S.S.G. §4B1.1(b), his Criminal History Category was increased to VI. [*See* Record No. 495, ¶¶ 112-114.]

Robertson's past convictions for which points were assessed included the following:

- Marijuana possession (1 point);
- Grand theft (2 points);

- 1 -

- Burglary (2 points);
- Improper use of cell phone and driving with suspended license (1 point);
- Reckless driving (1 point);
- Operating on a suspended license and marijuana possession (1 point);
- Dealing in Cocaine or a narcotic drug (1 point);
- Trafficking in a controlled substance (Methamphetamine)/promoting contraband (1 point); and
- Operating a vehicle under the influence of alcohol/drugs (1 point).

[*Id*. at ¶¶ 97-111][1]

On January 28, 2025, Robertson filed a pleading captioned "Amended Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)". [Record No. 530] The pleading states:

> I would like these charges to be removed from my sentencing guidelines, the charges read as: Possession of less than 1 ounce of Marijuana-Docket: TWV703254; Grand theft Property/etc., over $400-Docket: FWV100428; Burglary-Docket: FWV900160-2; Driving while suspend-Docket: 654435CR; Reckless Driving-Docket: Com4CP0453601; Driving with a suspended/Revoked license-Docket: 14-M-1312. I would appreciate a speedy and just response from the Clerk of the Court please and thank you.

[*Id*.]

Robertson also references the criminal history points assessed for the identified convictions corresponding to paragraphs 97, 98, 101, 103, 104, and 106 of his PSR. But for unknow reasons, he does not seek removal of his convictions and corresponding criminal history points for Dealing in Cocaine or Narcotic Drug as reflected in paragraph 107 of the PSR or Trafficking in a Controlled Substance-1st Degree as reflected in paragraph 109 of the

---

[1] Only four one-point convictions are including in calculating a defendant's total criminal history point total under U.S.S.G. §4A1.1(c). That limitation applies even if, as here, a defendant has more than four one-point convictions.

PSR.[2] Further, Robertson provides no factual or legal basis for removing any Criminal History Points assessed with respect to any of the convictions he references in his motion.

Effective November 1, 2024, the United States Sentencing Commission amended U.S.S.G. §4B1.1(e) with respect to recency points used to calculate a defendant's Criminal History Category. Where appropriate, the amended section may be applied retroactively to reduce a criminal history score for defendants previously sentenced. The relevant section now provides:

> (e)    Add **1** point if the defendant (1) receives 7 or more points under subsection (a) through (d), and (2) committed the instant offense which under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. §4B1.1(e) (Nov. 1, 2024). If applied retroactively to Defendant Robertson, this change would have the effect of reducing his total criminal history points to nine. This would not, however, result in a reduction of his Criminal History Category because he remains a Career Offender under the sentencing guidelines and, as a result, remains in Criminal History Category VI. *See* U.S.S.G. §4B1.1(b) ("A career offender's criminal history category in every case under this subsection shall be Category VI").

Robertson cites 18 U.S.C.§ 3582(c)(2) in support of the requested relief. However, this section allows for a retroactive sentence reduction in circumstances under which a defendant has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission". In this case, the Sentencing Commission's amendment to 4B1.1(e) does not have the effect of lowering Robertson's

---

[2] These convictions support the defendant's designation as a Career Offender under the United States Sentencing Guidelines which result in his Criminal History Category being increased from V to VI.

guideline range because his Criminal History Category remains the same. And this is true regardless of whether the past convictions he references in his motions are included or excluded from his criminal history calculation.

Accordingly, it is hereby **ORDERED** that Defendant Robertson's "Amended Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)", docketed as a motion [Record No. 530], is **DENIED**.

Dated: January 29, 2025.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky