UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 21-111-DCR |
| v. | ) | |
| CRAIG DUPREE ROBERTSON, | ) | **MEMORANDUM ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Craig Robertson has filed a *pro se* motion for compassionate release, citing deteriorating physical health. [Record No. 543] However, he has failed to show that there are extraordinary and compelling reasons for a sentence reduction. In addiiton, the relevant 18 U.S.C. § 3553(a) factors do not support reducing Robertson's sentence.

On November 1, 2022, Robertson entered an open guilty plea to the following counts of a Superseding Indictment: (Count 1) conspiring to distribute 500 grams or more of methamphetamine and 400 grams or more of fentanyl in violation of 21 U.S.C. § 846; (Counts 2 and 6) possessing with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1); (Count 4) distributing 50 grams or more of actual methamphetamine and 40 grams or more of fentanyl in violation of 21 U.S.C. § 841(a)(1); (Count 5) possessing with intent to distribute 50 grams or more of actual methamphetamine and 400 grams or more of fentanyl in violation of 21 U.S.C. § 841(a)(1); (Count 7) possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1); and (Count 8) conspiring to commit money laundering in violation of 18 U.S.C. § 1956(h). [Record Nos. 165 and 328]

However, several months later, he sought to withdraw his plea, asserting that his lawyer manipulated him into signing the plea agreement. [Record Nos. 436 and 467]

After notifying Robertson that he may no longer be entitled to receive credit for acceptance of responsibility under United States Sentencing Guideline ("U.S.S.G.") § 3E1.1, the Court held a hearing on his motion to withdraw his guilty plea. [Record Nos. 441 (citing Fed. R. Crim. P. 32(h)) and 469.] Robertson's motion was denied at the conclusion of the change-of-plea hearing. [Record No. 469] Ultimately, he was sentenced to a term of 490 months' incarceration to be served consecutively to his sentence in an Indiana criminal case. [Record No. 482] Robertson's sentence was affirmed by the United States Court of Appeals for the Sixth Circuit. *United States v. Curtis Dewayne Miller and Craig Dupree Robertson*, Nos. 23-5270/5436, 2025 WL 459648 (6th Cir. Feb. 11, 2025).

Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The court, however, may reduce a defendant's sentence if: (1) it finds that "extraordinary and compelling reasons" warrant a reduction, (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the 18 U.S.C. § 3553(a) factors, to the extent they apply, support a reduction. *United States v. Washington*, 122 F.4th 264, 266 (6th Cir. 2024) (quoting *United States v. McCall*, 56 F.4th 1048, 1054 (6th Cir. 2022) (en banc) (quoting 18 U.S.C. § 3582(c)(1)(A))). That said, "'there is nothing "extraordinary" about leaving untouched the exact penalties that Congress prescribed' for the violation of a statute." *United States v. Bricker, United States v. McHenry, and United States v. Orta*, 135 F.4th 427, 450 (6th Cir. 2025) (quoting *United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021)). And a criminal defendant "'serving the duration

of a lawfully imposed sentence'" is routine—"'not compelling.'" *Washington*, 122 F.4th at 267 (quoting *McCall*, 56 F.4th at 1056).

The Sentencing Commission amended U.S.S.G. § 1B1.13, effective November 1, 2023, and identified what may constitute "extraordinary and compelling reasons" for a sentence reduction. For example, a district court may consider the defendant's medical circumstances. *Washington*, 122 F.4th at 266–67 (citing U.S.S.G. Suppl. to App. C, amend. 814; U.S.S.G. § 1B1.13(b) (U.S. Sent'g Comm'n 2023)).

Robertson claims that he has been diagnosed with a terminal illness and that his condition is so serious that it diminishes his ability to provide self-care within the correctional facility environment. [Record No 543 at 4] He cites several physical ailments, the most serious of which is multiple sclerosis. *See id.* at 5. Robertson later supplemented his motion with 561 pages of medical records covering the last couple of years.[1] [Record No. 548-1] He also tendered a reply which asserts that, if he is not granted the relief requested, he will die while serving his sentence. [Record No. 560]

The United States opposes Robertson's motion, arguing that he is not suffering from a terminal illness, has not shown he is unable to provide self-care, and the 3553(a) factors to not support his early release. [Record No. 546] The undersigned agrees with this assessment. While multiple sclerosis is a neurodegenerative disease, it is not a terminal illness. And by all accounts, there is no indication that the BOP is unable to or unwilling to provide for Robertson's medical needs or that he has a condition that substantially diminishes his ability to provide self-care within the correctional environment. *See* U.S.S.G. § 1B1.13(b)(1)(A)-(C).

---

[1] He also provided letters of support by loved ones that the Court has considered. [Record No. 558-1 to 4]

To the contrary, the medical records support a finding that the BOP is adequately managing Robertson's multiple sclerosis and other ailments.

Further, Robertson does not provide support for his assertion that he is unable to care for himself while incarcerated. And there is nothing in his medical records to suggest that is the case. While Robertson does have health-related conditions, none rise to the level of extraordinary and compelling and all are adequately managed by the BOP.

But even if Robertson's medical needs did rise to the level of extraordinary and compelling, supporting an early release, the relevant § 3553(a) factors clearly caution against the requested relief. Robertson's offenses were serious. Through an open plea, he admitted to conspiring with co-defendants to distribute at least 500 grams of methamphetamine and 400 grams of fentanyl from January 2020 to September 2021. He also engaged in a money laundering conspiracy from October 2016 to September 2021. [Presentence Report ("PSR") at ¶¶ 58, 64] However, he was not merely a participant of those conspiracies: he was the leader. *Id.* at ¶¶ 79, 85.

Robertson organized and directed his co-defendants to store and distribute drugs and launder the drug proceeds. [PSR at ¶¶ 59-60 and 63-66] Co-defendant Brenda Fugate testified during co-Defendant Curtis Miller's trial that she received 10 to 20 pounds of methamphetamine each week (from November 2020 to September 2021) and redistributed those drugs to others on Robertson's behalf. *Id.* at ¶ 59.

Additionally, Robertson obtained and maintained multiple "stash locations" for the drugs that were distributed on his behalf. He enlisted Fugate's assistance to rent an apartment to serve as a stash house where he could store drugs, receive drug proceeds, and provide temporary housing for co-conspirators. *Id.* at ¶ 60. In addition to rent and maintenance fees,

Robertson paid to install (and solely controlled) a wall safe in the apartment that contained a firearm. *Id.* He also orchestrated co-Defendant Patricia Morgan to rent a storage unit for him to keep large quantities of drugs. *Id.* Law enforcement recovered 5,747 grams of actual methamphetamine during a search of the storage unit. *Id.* All told, Robertson was responsible for 507,579.39 kilograms of converted drug weight that was distributed across four counties in the Eastern District of Kentucky. *Id.* at ¶¶ 58, 62. In short, reducing Robertson's sentence would severely undermine the seriousness of his offenses and the damage he caused to the community. His sentence remains sufficient, but not greater than necessary, to serve the purposes of § 3553(a).

Based on the foregoing, it is hereby

**ORDERED** that the defendant's motion [Record No. 543] is **DENIED**.

Dated: January 12, 2026.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky